Mr. Justice Wylie
delivered the opinion of the court.
This, is a controversy growing out of the claim of a judgment creditor to levy execution on certain goods alleged to be covered by a deed of trust. A judgment was obtained by the complainant against John IT. Kenny, who had previously executed a chattel trust to one Munger to secure a debt which Kenny owed Aitken, Son & Co., of New York. The deed professes on its face to convey in trust the goods in Kenny’s store for the purpose of securing certain notes held by Aitken, Son & Co. It is made a point that by the terms of the deed the goods were to be left in the store for the-use of Kenny. The language of the deed on this subject is asfollows:
“The same being now in and upon those premises, house or messuage, known as 915 Pennsylvania avenue, northwest, in the city of Washington, District of Columbia, to have and'to hold the said goods and chattels and personal property, unto and to.the use of the said party of the second part, his executors, administrators and assigns, in and upon the trusts and for the uses following : In trust to suffer and permit the said party of the first part to retain possession of and use the said goods and chattels and personal property, until the same shall and may be required, as hereinafter provided.”
If this language were intended to permit Kenny, the grantor, to continue the business of selling and disposing of the goods as he had been doing heretofore, it would be a serious objection to the validity of the deed as to his creditors, But upon the whole it is not necessarily interpreted in that way, because the deed elsewhere provides that at any time thereafter the trustee may take immediate possession of the *15 said goods and chattels and personal property, wheresoever the same may be found. Now if the goods, or any part of them, were to be sold, then the trustee would have no power to take possession of the same goods and “ to sell the same at public auction upon such terms, &c.” We think that the word “ use ” was probably retained in the printed form of the deed, and that nothing was really intended by it, further than to allow the grantor to remain in the occupancy of the premises and take care of and use the property subject to the rights of the trustee, because the trustee had the power to follow the goods into anybody’s hands. And ti is futher provided that in case Kenny should be found removing them, the trustee has power to take immediate possession. This provision would be unsustained with the interpretation of the word “use” in the way it has been interpreted by the complainant. But, as to the other point raised; it turns out that the sum mentioned in the deed as the indebtedness of Kenny to Aitken, Son & Co. was much larger than the sum which Kenny really owed. Kenny’s indebtedness to Aitken, Son & Co. was only $797 — but a note was given on the same day with the deed of trust by Kenny to Aitken, Son & Co. for $400. Now, Kenny did not owe them any such money; the giving of the note was brought about in this way : Kenny, in making the deed, gave a full conveyance of everything without any provision in regard to such of his property as was exempt and not liable to execution ; Aitken, Son & Co., however, agreed that if Kenny would make a deed of trust to cover the whole property they would repay Kenny out of the proceeds of the trust, and it was in consideration of this promise that he gave the $400 note.
Now, this was an arrangement calculated to deceive everybody. There was no such debt due by Kenny. The law was not intended to put it in the power of a failing debtor to get up an arrangement of this kind; to give a deed of trust and secure from'the creditor $400 out of the proceeds of the sale, to reimburse him for the relinquishment of his exemption. The whole transaction was a contrivance which the court cannot countenance. It is a secret contrivance calculated to *16 lead to abuses, and cannot be permitted to stand. Nor can we hold the deed good for a part and yoid as to the remainder. The rule is that if a deed be void in part- as an evasion of the statute, it is void in the whole, for the statute is no nursing mother for fraud. This case, in our view, is a violation of the statute, which declares void all contrivances, deeds and schemes for the purpose of delaying and defeating creditors, and, therefore, we affirm the decision of the court below.